At law.

Mr. Swann, for plaintiff.
Mr. Taylor, for defendant.

THE COURT (MORSELL, Circuit Judge, absent) decided that the plea of the statute of limitations is an issuable plea, and may be pleaded on the first day of the term next after the office-judgment.

[See Case No. 9,382.]

## Case No. 9,385.

### MECHANICS' BANK OF ALEXANDRIA v. MINOR.

[Cited in Rockville & W. Turnpike Road v. Van Ness, Case No. 11,986. Nowhere reported; opinion not now accessible.]

## Case No. 9,386.

### MECHANICS' BANK OF ALEXANDRIA v. TAYLOR et al.

[2 Cranch, C. C. 507.][1]

Circuit Court, District of Columbia. Nov. Term, 1824.

FRAUDULENT CONVEYANCES—DEED TO WIFE—MONEY USED IN PURCHASE.

It is no fraud in a husband toward his creditors, to purchase real estate with the money which belonged to the wife before the marriage, and to take the deed directly to the wife, pursuant to a verbal agreement to that effect made with her before the marriage.

The bill states that the complainants levied an execution issued on a judgment in their favor against E. P. Taylor, upon a house and lot which were purchased by him with his own funds and fraudulently conveyed to his wife; that the complainants purchased it at the marshal's sale, under the fieri facias; that E. P. Taylor refuses to give them possession; and prays that the deed to the defendant's wife, and the deed from the defendant E. P. Taylor to the defendant David Marle may be set aside; and that the defendants may deliver possession of the premises to the complainants, and account for the rents and profits. The defendant Marle, in his answer, stated that he held a lien on the property for a debt of $205 under a deed purporting to be from E. P. Taylor and his wife, but executed only by E. P. Taylor. The separate answers of E. P. Taylor and wife, aver that the wife, having been a widow, and in trade before her intermarriage with E. P. T. had acquired considerable property, and had, at the time of the marriage, about $3,000 in bank; and that it was agreed between them, before the marriage, that it should be laid out in building a house upon a lot belonging to the wife; but that the lot being supposed to be too small, the intention to build was abandoned, and in lieu thereof the house and lot in ques-

tion were purchased by E. P. T. with the wife's money, and conveyed directly by the vendor to the wife; denying all fraud, &c. The cause being, by consent, set for hearing on bill and answer.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the claim of the wife was fair and upon a valuable consideration, and dismissed the bill.

MECHANICS' BANK OF MICHIGAN (BISSELL v.). See Case No. 1,446.

MECHANICS' INS. CO. (ROGERS v.). See Cases Nos. 12.016 and 12,017.

MECHANICS' NAT. BANK (ARMSTRONG v.). See Case No. 545.

MECKLENBURG FEMALE COLLEGE, Ex parte. See Case No. 2,954.

## Case No. 9,387.

### MECKLIN v. CALDWELL.

[1 Cranch, C. C. 372.][1]

Circuit Court, District of Columbia. Dec. Term, 1806.

BAIL IN CIVIL CASES—SUFFICIENCY OF AFFIDAVIT

Assault and battery. Affidavit of the fact, but not of any amount of damage; *held* not sufficient to hold to bail—(nem. con.)

[See Case No. 9,388.]

## Case No. 9,388.

### MECKLIN v. CALDWELL.

[1 Cranch, C. C. 400.][1]

Circuit Court, District of Columbia. June Term, 1807.

BAIL IN CIVIL CASES—SUFFICIENCY OF AFFIDAVIT—SPECIFIC INJURY—DAMAGES.

In assault and battery, the affidavit to hold to bail, must state some specific injury to the person of the plaintiff, and must be positive as to some amount of damages.

Assault and battery. The affidavit stated a beating, without any special damage, except that the plaintiff could not, for some days, transact all his business, as clerk in one of the departments, as well as usual, and that the injury was such, that he thinks that ten pounds sterling would not be too great a compensation therefor.

THE COURT refused to hold defendant to bail on the affidavit, it not being positive as to any amount of damages, and not stating any specific injury to the person of the plaintiff.

FITZHUGH, Circuit Judge, absent.

[See Case No. 9,387.]

MEDBURY (CAMPBELL v.). See Case No. 2,365.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]